UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | | Chapter 7 |
| ) | | |
| EVANS, DANIEL FRANKLIN SR. ) | | Case No. 05-48171-SQU |
| EVANS, KAREN ANN ) | | |
| Debtor(s). ) | | Hon. JOHN H. SQUIRES |

**Trustee's Final Report**

To:   The Honorable JOHN H. SQUIRES
      United States Bankruptcy Judge

   NOW COMES GINA B. KROL, Trustee herein, and respectfully submits to the Court and to the United States Trustee her Final Report in accordance with 11 U.S.C. §704(9).

   1.   The Petition commencing this case was filed on October 11, 2005. GINA B. KROL was appointed Trustee on the October 11, 2005. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

   2.   The Trustee certifies that she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

   3.   The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $0.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

   4.   A summary of the trustee's final account as of February 26, 2009 is as follows:
   a.   RECEIPTS (See Exhibit C)                                      $8,242.11
   b.   DISBURSEMENTS (See Exhibit C)                                    $24.61
   c.   NET CASH available for distribution                           $8,217.50
   d.   TRUSTEE/PROFESSIONAL COSTS:
        1.   Trustee compensation requested                           $1,574.21
             (See Exhibit E)
        2.   Trustee Expenses (See Exhibit E)                             $0.00
        3.   Compensation requested by
             attorney or other professionals

        for trustee (See Exhibit F)

    (a.)    Cohen & Krol    $1,347.40
        *Attorney for Trustee Fees*
        *(Trustee Firm)*

    (b.)    Cohen & Krol    $13.28
        *Attorney for Trustee*
        *Expenses (Trustee Firm)*

5. The Bar Date for filing unsecured claims expired on May 12, 2006.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---:|
| a. | Allowed unpaid secured claims | $0.00 |
| b. | Chapter 7 administrative claims and 28 U.S.C. §1930 claims | $2,934.89 |
| c. | Allowed Chapter 11 administrative claims | $0.00 |
| d. | Allowed priority claims | $0.00 |
| e. | Allowed unsecured claims | $13,889.23 |

7. Trustee proposes that unsecured creditors receive a distribution of 38.0300% of allowed claims.

8. The compensation previously awarded to Trustee's counsel, accountants or other professionals, and the compensation requested but not yet allowed is as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses |
|---|---:|---:|---:|
| GINA B. KROL<br>*Trustee Compensation* | $0.00 | $1,574.21 | $0.00 |
| COHEN & KROL<br>*Attorney for Trustee* | $0.00 | $1,347.40 | $13.28 |

9. A fee of $700.00 was paid to Debtor's Counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

                              Respectfully Submitted

DATE: February 26, 2009                  /s/ Gina B. Krol
                                          Signature

                                          GINA B. KROL, Trustee
                                          105 WEST MADISON STREET
                                          SUITE 1100
                                          CHICAGO, IL  60602-0000

## TASKS PERFORMED BY TRUSTEE

<u>Asset Analysis and Recovery</u>     Trustee reviewed the Debtors' schedules and questioned the Debtors about the liquidation of their stock interests and subsequent expenditure of same. It appeared to the Trustee that the Debtors converted the non-exempt stock proceeds into exempt IRAs. Trustee directed her attorneys to prepare the necessary objection to exemption claimed as to the IRAs. Debtors voluntarily turned over the proceeds of the IRAs after the Trustee's counsel filed the Objections. Trustee expended approximately 8.75 hours in the activity of asset analysis and recovery.

<u>Banking and Bonding</u>     Trustee acquired and maintained the necessary bond in this case. The Trustee further made deposits, wrote checks and conducted monthly bank reconciliations on the Estate's bank account. Trustee expended approximately 3 hours in the activity of banking and bonding.

<u>Case Administration</u>   Trustee reviewed all schedules and statements filed in this proceeding. Trustee communicated with creditors to provide and disseminate information regarding case status. Trustee prepared and filed required annual and final reports. Trustee communicated with Debtors' attorney to obtain compliance with Bankruptcy Rule 1019. Trustee expended approximately 2 hours in the activity of case administration.

<u>Claims Analysis</u>   Trustee reviewed all claims filed in this case and analyzed each claim for its timeliness, supporting documentation and appropriate classification. Trustee contacted many of the secured creditors to obtain either amended claims to unsecured status of withdrawals of said claims. Trustee expended approximately 1.5 hours in the activity of claims analysis.

<u>Meeting of Creditors</u>     Trustee prepared for and attended both the original and continued meetings of creditors in this proceeding. Trustee expended approximately 1.25 hours in the activity of meeting of creditors.

**TRUSTEE EXPENDED APPROXIMATELY 16.50 HOURS IN THIS ESTATE'S ADMINISTRATION**

**EXHIBIT A**

# EXHIBIT B
# DISPOSITION OF ESTATE PROPERTY

Scheduled Property & Disposition

| | Amount Realized |
|---|---|
| See Form 1 - Attached | $ 8,080.38 |

Unscheduled Property

| | |
|---|---|
| Post-Petition Interest Deposits | 161.28 |
| TOTAL RECEIPTS | $8,241.66 |
| TOTAL SCHEDULED VALUE OF PROPERTY ABANDONED | 0.00 |
| TOTAL SCHEDULED VALUE OF EXEMPT PROPERTY | $16,200.00 |

**EXHIBIT B**

## EXHIBIT C

## RECEIPTS AND DISBURSEMENTS

DEPOSITORY:   BANK OF AMERICA, N.A.
Interest earning MMA Account 3756193129

### I. RECEIPTS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| See Form 2 - Attached | | |
| | TOTAL | $ 8,242.11 |

### II. DISBURSEMENTS

| DATE/CHECK # | PAYEE/DESCRIPTION | AMOUNT |
|---|---|---|
| See Form 2 - Attached | | |
| | TOTAL | $ 24.61 |

**RECAPITULATION:**

| | | |
|---|---|---|
| | TOTAL RECEIPTS | $ 8,242.11 |
| | DISBURSEMENTS | $ 24.61 |
| | **NET CASH AVAILABLE as of February 26, 2009** | $ 8,217.50 |

**EXHIBIT C**